United States District Court
District of Colorado

No. 11-CV-02112

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
AUG 1 2 2011
GREGORY C. LANGHAM
CLERK

In Re Jeremy Pinson,
Petitioner

Petition Pursuant to Crime Victims Rights Act

## Jurisdiction

1. Jurisdiction is invoked pursuant to 18 U.S.C. 3771, 3521 and 28 U.S.C. 1331.

## Statement of Facts

2. In 2002 Petitioner joined Florencia 13, a criminal organization. Florencia 13 serves as subordinate to the Mexican Mafia.

3. In 2003 Petitioner embezzled $60,000.00 from a Congressional ReElection campaign and funneled the monies into Florencia 13 operations.

4. Petitioner was indicted by the State of Oklahoma and sentenced to 3 years imprisonment.

1

5. While in State custody Petitioner testified as a material witness for the State in charges from the March 22, 2005 murder of Adam Lippert.

6. Petitioner was indicted and convicted in federal court and sentenced to 240 months in federal custody. See: U.S. v. Pinson, 542 F.3d 822 (10th Cir. 2009).

7. On Dec. 12, 2007 Petitioner was attacked and beaten unconscious by a prisoner at the U.S. Penitentiary in Florence, CO after being targeted for death by fellow gangmember Alejandro Avila.

8. Following the assault Petitioner contacted the FBI and U.S. Attorney seeking protection from, and prosecution of, his assailant. Neither agency followed up.

9. Petitioner was later transferred to a U.S. Penitentiary in Victorville, CA where the gang attempted to execute Plaintiff/Petitioner by sending 5 inmates to disable security cameras, arm themselves with shanks and attempt to stab plaintiff to death.

10. Petitioner's gang was involved with federal employees in murder, drug trafficking, and other crimes.

11. A Justice Dept. debriefing took place in 2008 wherein it was concluded Petitioner was in very serious danger. The debriefing process was never finished after Petitioner's attorney changed jobs.

2

12. Since the debriefing the Justice Dept. was contacted repeatedly concerning Petitioner's safety and that of persons connected to Petitioner but failed to meet with Petitioner or take action.

13. In August 2010 an associate of Petitioner's was murdered for his association with the Petitioner.

14. In January 2011 another attempt to assasinate Petitioner was unsuccessful.

15. A close friend of Petitioner's Francisco Martinez, was threatened and his home burglarized in an effort to harm Petitioner.

16. The Petitioner's mother has been visited at her home by gang members to intimidate her.

17. In recent weeks prison inmates at ADX have circulated documents soliciting the Petitioner's death.

18. Petitioner has contacted the U.S. Attorney, FBI, Inspector General, Criminal Div.-Gang Unit regarding the harm to him, his family and friends but authorities continue to ignore the information doing nothing to investigate crimes including murder, drug trafficking, conspiracy, & retaliation against a witness, possession of firearms, bribery being committed.

3

## ARGUMENT

The Government has the clear authority to protect Petitioner. See: 18 U.S.C. 3521. They are clearly aware of the dangers facing Petitioner, (see Exhibit 1), but are doing nothing to protect him, his family or friends who are in peril. The Crime Victims Rights Act affords Petitioner to be protected, 18 U.S.C. 3771(a)(1); an opportunity to confer with the Government, 18 U.S.C. 3771(a)(5).

This case involves a complex conspiracy in which federal officers are complicit with a large number of crimes which the Government has chosen to ignore resulting in the death and harm of innocent persons who happen to know Petitioner as well as a lengthy, documented history of attempts to kill the Petitioner.

The CRVA, 18 U.S.C. 3771 and 3521 et seq. give the Court the authority to enforce the rights of crime victims and this Court should exercise this authority.

## Conclusion

Wherefore based on the aforegoing the Petitioner seeks a Court hearing to testify to the full extent of the matters raised herein

4

and an Order granting just and proper relief.

It is So Prayed.

*[signature]*
Jeremy Pinson #16267-064
ADX Florence
PO Box 8500
Florence CO 81226
Petitioner

U.S. Department of Justice
United States of America
Southern District of Texas

Phone (713) 567-9000

919 Milam Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129

December 8, 2008

**CONFIDENTIAL COMMUNICATION**

Mr. Joe L. Norwood, Warden,
United States Federal Corrections Center
13777 Air Expressway Blvd.
Victorville, California 92394

    Re:   <u>United States v. Jeremy Vaughn Pinson</u>;
           Cr. No. H-08-0283;
           In the United States District Court for the Southern
           District of Texas, Houston Division,
           Reg. No. 16267-064

Dear Warden Norwood:

    On October 16, 2008, inmate Jeremy Vaughn Pinson, Reg No. 16267-064, and his attorney voluntarily met with Assistant Special Agent in Charge Carlos Caprano and Special Agent Fred C. Ball, Jr., both of the Department of Justice Office of the Inspector General, Houston Office. Mr. Pinson provided information on various alleged criminal activities reportedly committed by certain named prisoners and staff members at the Federal Correctional Center in Victorville, California. This information was provided to the D.O.J. O.I.G. by Mr. Pinson in connection with his completed plea agreement with the United States in the above entitled and numbered case. He provided information relating to alleged criminal activities by the following prisoners at F.C.C. Victorville:

| | |
|---|---|
| Jose Garcia | Ameen Dhali |
| Terry Green | Donald Bradley |
| Mark Niquist | Shane Covey |
| Brandon Marker | Roy Green |
| Rodney Pressler | Jose Moreno |
| John Rousseau | Noel Exinia |
| David Murphy | Rudolpho Gutierrez |
| James Brennan | Christopher Dearman |
| Bradley Stone | Donald Orris |
| Lema Armstead | Javier Covarrubias |
| Eduardo Marquez | Manuel Carrillo |
| Sergio Morales | Timothy Salazar |
| Frank Cabrera | |

Exhibit 1

Many of these named prisoners are reportedly members of the Aryan Brotherhood prison gang, the Sureno prison gang, the Dirty White Boys prison gang, and various other known prison gangs.

On April 9, 2008, while still at the Victorville prison facility, five inmates entered Mr. Pinson's cell and assaulted him, causing broken bones, bruises, and lacerations. He was then placed in administrative detention for his continued safety. This assault is believed to be gang related retaliation for his prior cooperation with authorities, as was a similar assault on Mr. Pinson at the BOP prison facility in Florence on December 12, 2007, where he suffered head wounds, various lacerations, and being knocked unconscious.

Based upon the above described history of violence against Mr. Pinson while in BOP custody and Mr. Pinson's continuing cooperation with the government, I believe that there is a serious risk of additional violent retaliation against him, including serious bodily injury or possibly even death, if his cooperation becomes known to other BOP inmates. Accordingly, I respectfully request that the Bureau of Prisons take all necessary steps to safeguard Mr. Pinson, including entering appropriate "separation orders" against all those individuals listed above. I further suggest that securing a re-designation and movement of Mr. Pinson to a BOP facility other than F.C.C. Victorville would be helpful in protecting Mr. Pinson from further violence and urge you to consider doing so.

If possible, I would appreciate knowing whether if, when, and how you may be able to accommodate these inmate separation requests regarding Mr. Pinson. Also, although needless to say, I am further requesting that neither any of the above named inmates nor any other BOP inmates be given access to or a copy of this letter or any of the information contained herein. Thank you very much for your attention to and consideration of these requests.

If you have any questions, comments, or suggestions regarding these matters, please feel free to call me at your convenience.

Thank you for your prompt attention to this matter.

Sincerely,

Mike Schultz,
Assistant United States Attorney