IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02112-BNB

JEREMY PINSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
UNITED STATES ATTORNEY,

    Defendants.

## ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

    Plaintiff, Jeremy Pinson, a *pro se* prisoner litigant, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. Mr. Pinson initiated this action by filing a "Petition Pursuant to Crime Victims Rights Act." In the Petition, Mr. Pinson challenges the conditions of his confinement, claiming that BOP staff refuses to protect him from other inmates who intend to murder him.

    On August 23, 2011, Magistrate Judge Craig B. Shaffer entered an Order to Cure Deficiency instructing Mr. Pinson to file his claims on a Court-approved form used in filing prisoner complaints and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Pinson filed a Motion to Reconsider the August 23 Order, asserting that a filing fee is not required under the Crime Victims Right Act, 18 U.S.C. § 3771. The Court denied Mr. Pinson's Motion, finding no basis for his argument and instructing him to use Court-approved forms to present his claims and to

seek leave to proceed pursuant to 28 U.S.C. § 1915.  Mr. Pinson, after filing a petition for writ of mandamus in the United States Court of Appeals for the Tenth Circuit, complied with the August 23 Order.  The Tenth Circuit, therefore, denied the mandamus petition as moot.

On October 17, 2011, Magistrate Judge Boyd N. Boland issued an Order to Show Cause instructing Mr. Pinson to show cause why the Court should not deny him leave to proceed pursuant to 28 U.S.C. § 1915 because he is subject to the filing restrictions in 28 U.S.C. § 1915(g).  Mr. Pinson filed a Response to the Order to Show Cause on October 27, 2011.  For the reasons stated below, Mr. Pinson will be denied leave to proceed pursuant to § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Magistrate Judge Boland noted in the Order to Show Cause that Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous.  *Pinson v. Chipi, et al.*, No. 09-cv-00283-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *appeal dismissed*, No. 10-12235-B (11th Cir. Feb. 2, 2011) (dismissed as frivolous), *cert. denied*, No. 10-11063, 2011 WL 4532284 (Oct. 3, 2011); *Pinson v. Pineiro, et al.*, No. 09-cv-00244-WTH-GRJ (M.D. Fla. July 30, 2009)

(dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *vol. dismissed*, No. 09-14528-C (11th Cir. Oct. 16, 2009); *Pinson v. Grimes, et al.*, No. 09-cv-00238-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *aff'd in part*, No. 09-14242, 391 F. App'x 797 (11th Cir. Aug. 9, 2010) (§ 1915(g) dismissal affirmed regarding strike, but dismissal with prejudice remanded as too harsh), *cert. denied*, 131 S. Ct. 527 (Nov. 1, 2010).

In addition to the Response, Mr. Pinson filed several other documents, including a motion for preliminary injunction, motion for subpoena deuces tecum, and motion to supplement and seal the motion for preliminary injunction. The Court has reviewed the Response and all of the other filings. Each of the filings addresses the same issue--Mr. Pinson asserts that he is in imminent danger of serious physical injury because he is a homosexual and a former government witness. In his Complaint, Mr. Pinson asks that the BOP be enjoined from housing him in a cell or unit where he may have physical contact with members of the Aryan Brotherhood, the Sureno, the Dirty White Boys, and Mexican Mafia gangs. Mr. Pinson further requests that the BOP be required to segregate him from all active members of any gang or criminal organization with a history of violence.

Although Mr. Pinson states on Page Two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that he is in imminent danger of serious physical injury, no specific instances of ongoing threats of serious physical injury are set forth in the Amended Complaint. Only after Magistrate Judge Boland instructed Mr. Pinson in the October 17 Order that he must state specific instances of serious ongoing

threats to his safety to proceed pursuant to § 1915 did Mr. Pinson identify a single, specific incident. He claims that he was threatened by an inmate during outdoor recreation, who stated he had a knife. Mr. Pinson further asserts that the same inmate attempted to jam his cell door and attack him but was caught by unit officers. Mr. Pinson, however, does not state any physical contact with the other inmate that threatened him, and prison staff averted any attempt by the other inmate to assault Mr. Pinson.

In an attachment to his Response Mr. Pinson provides a list of prisoners about whom he gave alleged criminal activity information to members of the Department of Justice, but he does not assert that these inmates are housed in his unit and have tried to harm him. He only states that there is a conspiracy by prison gangs to murder him.

The Court notes that Mr. Pinson has been transferred among prison facilities, including Victorville, California; Talladega, Alabama; and Florence, Colorado, in an attempt to address security concerns. ADX Florence, where he currently is housed, is the most secure prison in the federal system. *See Stine v. Lappin, et al.* No. 10-cv-01652-ZLW, Doc. 28-1, Ex. A at 2 (D. Colo. August 17, 2010). All inmates in ADX are single celled, not allowed to move within the institution without staff supervision, and not permitted unmonitored personal contact with staff or other inmates. *Id.* at 3. All inmates are cuffed with hands behind their back (unless a medical condition warrants otherwise) when transported, and are accompanied by two staff members, one carrying a baton and the other controlling the handcuffs. *Id.* at 4. When removed from their cells, inmates are visually searched before restrained and pat searched after leaving their cell. *Id.* All inmates receive programming, eat their meals, and shower in their cells. *Id.* at 3-

4. Finally, when attending outside recreation each inmate is placed and locked in his own recreation area, which is separated from the next inmate's recreation area by heavy-duty fencing material. *Id.* at 4.

Mr. Pinson also asserts that BOP staff will not exempt him from the Step-Down Program and if he is required to participate in this program he will be in physical contact with other inmates who are members of the Mexican Mafia and the Aryan Brotherhood. Mr. Pinson, however, does not state that he is subject to immediate placement in the Step-Down Program or specifically which gang members would be participating in the program and would want to harm him.

Mr. Pinson also does not deny the findings in Magistrate Judge Boland's Order to Show Cause, which include that Mr. Pinson has been convicted of at least thirty-three infractions including one attempted killing, five assaults, three attempted assaults, three fire settings, six possessions of a weapon, an act of taking a hostage, a threat of bodily harm, two acts of destroying property, six less serious assaults, two attempted less serious assaults, two refusals to obey, and an act of insolence. Given Mr. Pinson's documented propensity to be the aggressor and his current incarceration in the most secure prison facility in the federal system, the Court finds Mr. Pinson is not in immediate danger of serious physical injury.

Because Mr. Pinson fails to assert that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that have been dismissed as either legally frivolous or for failure to state a claim, his § 1915 Motion will be denied. If Mr. Pinson wishes to pursue his claims in this action he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a). Mr. Pinson is reminded that,

even if he pays the filing fee in full, a review of the merits of his claims is subject to 28 U.S.C. § 1915(e)(2), and the action may be dismissed notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit.

Mr. Pinson also filed a Motion to Seal Document No. 15. The Motion to Seal will be granted. The Court finds there is certain information in an attachment to Mr. Pinson's Response that should not be available to the public, and the public's right to access is outweighed by competing interests. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (a court in its discretion may seal documents when the public's right of access is outweighed by competing interests). The Motion to Seal will be granted and the Clerk of the Court will be directed to seal Document No. 17. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Doc. No. 10, is denied. It is

FURTHER ORDERED that Mr. Pinson shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Pinson fails to pay the entire $350.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee. It is

FURTHER ORDERED that the Motion to Seal submitted to the Court on October 21, 2011, is granted. It is

FURTHER ORDERED that the Clerk of the Court is directed to seal Document No. 17. It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this  15th  day of   November   , 2011.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court